NELSON P. COHEN
United States Attorney

AUDREY J. RENSCHEN
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: 907-271-5071

ALEXANDRA R. GELBER
Trial Attorney
US Department of Justice
Criminal Division, Child Exploitation and Obscenity Section
1400 New York Ave, NW
Suite 600
Washington, DC 20530
Phone: (202) 307-1316
email: Alexandra.Gelber@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. DON ARTHUR WEBSTER, JR., aka Jerry Starr, aka "Daddy" Defendant. | No. <br><br> COUNTS 1-4: <br> SEX TRAFFICKING OF CHILDREN <br> Vio. of 18 U.S.C. §§ 1591(a)(1) and (b)(1) and (2). <br><br> COUNTS 5-6: <br> ATTEMPTED SEX TRAFFICKING OF CHILDREN <br> Vio. of 18 U.S.C. §§ 1591(a)(1) and (b)(1) and (2), and 1594(a). <br><br> COUNTS 7-11: <br> SEX TRAFFICKING BY FORCE, FRAUD, AND COERCION. <br> Vio. of 18 U.S.C. §§ 1591(a)(1) and (b)(1). |

)   COUNTS 12-14:
)   DISTRIBUTION OF A CONTROLLED
)   SUBSTANCE TO A
)   PREGNANT INDIVIDUAL
)     Vio. of 21 U.S.C. §§ 861(f) and
)   841(b)(1)(C).
)
)   COUNTS 15-18:
)   DISTRIBUTION OF A CONTROLLED
)   SUBSTANCE TO A PERSON UNDER 18
)   YEARS OF AGE
)     Vio. of 21 U.S.C. §§ 861(a)(1) and
)   841(b)(1)(C)
)
)   COUNTS 19-23:
)   DISTRIBUTION OF A CONTROLLED
)   SUBSTANCE: COCAINE
)     Vio. of 21 U.S.C. 841(a)(1) and (b)(1)(C).
)
)   COUNT 24:
)   MANUFACTURING A CONTROLLED
)   SUBSTANCE: COCAINE BASE
)     Vio. of 21 U.S.C. 841(a)(1) and (b)(1)(C).
)
)   COUNT 25:
)   POSSESSION OF A CONTROLLED
)   SUBSTANCE, COCAINE AND
)   COCAINE BASE, WITH INTENT TO
)   DISTRIBUTE
)     Vio. 21 U.S.C. §§ 841(a)(1) and
)   (b)(1)(C).
)
)   COUNT 26:
)   USING AND MAINTAINING A PLACE
)   FOR MANUFACTURING,
)   DISTRIBUTING AND USING A
)   CONTROLLED SUBSTANCE:
)   COCAINE AND COCAINE BASE
)     Vio. 21 U.S.C. § 856(a)(1) and (b).
)
)   COUNT 27:
)   CRIMINAL FORFEITURE
)     Vio. 18 U.S.C. § 1594(c)(1)(A)
)

|   | ) | COUNT 28: |
|---|---|---|
|   | ) | CRIMINAL FORFEITURE |
|   | ) | Vio. 21 U.S.C. §§ 853(a)(1) and (2) |

# FIRST SUPERCEDING INDICTMENT

The Grand Jury charges that:

## Introduction to WEBSTER's Business

The Defendant DON ARTHUR WEBSTER, JR., aka Jerry Starr, operated a series of escort services, including, but not limited to Foxy Roxies, Sunshine Girls, American Beauties, Kotton Kandy, Tiffani's, Tickle Your Fancy, and Lickety Split. These businesses purported to be "escort services", in which an individual would pay for another person's "time and company", but in fact they were fronts for WEBSTER's illegal prostitution business. WEBSTER ran the business and provided housing at six known residences in the Anchorage area. The females who worked for him were also housed at those residences.

As part of his business, WEBSTER would provide adult women and underage girls to engage in sex acts in exchange for money with men who called the escort service phone lines. WEBSTER operated the prostitution business on an "out call" basis, meaning that the females would meet the caller at his residence or at a hotel paid for by the caller. Typically, the caller would pay a fixed hourly rate plus a transportation fee to have sex with the female who would meet him. At the request of a regular caller, the female meeting him would also provide him with illegal drugs, known as an "issue", for an additional fee. The female obtained the illegal drugs to give to the caller from WEBSTER or someone acting at his direction.

When a female met a caller for sex, it was called "going on a date." WEBSTER required the female to "check-in" or call the phone for the escort service, when she arrived at the residence or hotel at the start of a "date." This was to ensure that the female had met the caller and received payment. After providing the requested sex acts, the female would call the service again to "check-out", signaling to WEBSTER that the "date" was over and the female was returning to the house with payment for the sex acts.

The females were not allowed to keep any part of the money they collected in payment for the sex acts. WEBSTER required them to turn over all of the money to him or a designated representative, who would give him the money. After a female turned over her money, WEBSTER, or a designated representative would distribute an "issue" to the female, typically a gram of "crack" cocaine.

WEBSTER was often physically violent with the females working for him or would threaten them with harm if they disobeyed him or attempted to leave. WEBSTER would take possession of a female's personal property and identification when she moved into one of his residences.

Between October 28, 2000, and October 20, 2006, WEBSTER engaged in the conduct alleged in the criminal counts that follow.

## COUNT 1

Beginning at a time unknown, but at least between December 2002, and continuing until approximately March 2004, the Defendant DON ARTHUR WEBSTER, JR., aka Jerry Starr, within the District of Alaska, in and affecting interstate and foreign commerce, did

-4-

knowingly and intentionally recruit, entice, harbor, transport, provide, and obtain by any means a person, Juvenile A, knowing that force, fraud, and coercion would be used to cause the person to engage in a commercial sex act and that, during part of the alleged time period, the person had not attained the age of 18 years and would be caused to engage in a commercial sex act.

All of which is in violation of 18 U.S.C. §§ 1591(a)(1) and (b)(1) and (2).

### COUNT 2

Beginning at a time unknown, but approximately in April or May of 2003, and continuing until approximately July of 2004, the Defendant DON ARTHUR WEBSTER, JR., aka Jerry Starr, within the District of Alaska, in and affecting interstate and foreign commerce, did knowingly and intentionally recruit, entice, harbor, transport, provide, and obtain by any means a person, Juvenile B, knowing that force, fraud, and coercion would be used to cause the person to engage in a commercial sex act and that, during part of the alleged time period, the person had not attained the age of 18 years and would be caused to engage in a commercial sex act.

All of which is in violation of 18 U.S.C. §§ 1591(a)(1) and (b)(1) and (2).

### COUNT 3

Beginning at a time unknown, but at least between October 28, 2000 and continuing until at least October 20, 2006, the Defendant DON ARTHUR WEBSTER, JR., aka Jerry Starr, within the District of Alaska, in and affecting interstate and foreign commerce, did knowingly and intentionally recruit, entice, harbor, transport, provide, and obtain by any

means a person, Juvenile C, knowing that force, fraud, and coercion would be used to cause the person to engage in a commercial sex act and that, during part of the alleged time period, the person had not attained the age of 18 years and would be caused to engage in a commercial sex act.

All of which is in violation of 18 U.S.C. §§ 1591(a)(1) and (b)(1) and (2).

## COUNT 4

Beginning at a time unknown, but at least between February 2002, and continuing until approximately May of 2004, the Defendant DON ARTHUR WEBSTER, JR., aka Jerry Starr, within the District of Alaska, in and affecting interstate and foreign commerce, did knowingly and intentionally recruit, entice, harbor, transport, provide, and obtain by any means a person, Juvenile D, knowing that force, fraud, and coercion would be used to cause the person to engage in a commercial sex act and that, during part of the alleged time period, the person had not attained the age of 18 years and would be caused to engage in a commercial sex act.

All of which is in violation of 18 U.S.C. §§ 1591(a)(1) and (b)(1) and (2).

## COUNT 5

Beginning at a time unknown, but from approximately spring of 2002, until sometime during the fall of 2004, the Defendant DON ARTHUR WEBSTER, JR., aka Jerry Starr, within the District of Alaska, in and affecting interstate and foreign commerce, did intentionally attempt to recruit, entice, harbor, transport, provide, and obtain by any means a person, Juvenile E, knowing that force, fraud, and coercion would be used to cause the

person to engage in a commercial sex act and that the person had not attained the age of 18 years and would be caused to engage in a commercial sex act.

All of which is in violation of 18 U.S.C. §§ 1591(a)(1) and (b)(1) and (2), and 1594(a).

## COUNT 6

Beginning at a time unknown, but at least between fall of 2005 and April 25, 2006, the Defendant DON ARTHUR WEBSTER, JR., aka Jerry Starr, within the District of Alaska, in and affecting interstate and foreign commerce, did intentionally attempt to recruit, entice, harbor, transport, provide, and obtain by any means a person, Juvenile F, knowing that force, fraud, and coercion would be used to cause the person to engage in a commercial sex act and that the person had not attained the age of 18 years and would be caused to engage in a commercial sex act.

All of which is in violation of 18 U.S.C. §§ 1591(a)(1) and (b)(1) and (2), and 1594(a).

## COUNT 7

Beginning at a time unknown, but at least between October 28, 2000, and continuing until approximately December of 2002, the Defendant DON ARTHUR WEBSTER, JR., aka Jerry Starr, within the District of Alaska, in and affecting interstate and foreign commerce, did knowingly and intentionally recruit, entice, harbor, transport, provide, and obtain by any means a person, Jane Doe 1, knowing that force, fraud, and coercion would be used to cause the person to engage in a commercial sex act.

All of which is in violation of 18 U.S.C. §§ 1591(a)(1) and (b)(1).

### COUNT 8

Beginning at a time unknown, but at least between December 2000, and continuing until at least October 20, 2006, the Defendant DON ARTHUR WEBSTER, JR., aka Jerry Starr, within the District of Alaska, in and affecting interstate and foreign commerce, did knowingly and intentionally recruit, entice, harbor, transport, provide, and obtain by any means a person, Jane Doe 2, knowing that force, fraud, and coercion would be used to cause the person to engage in a commercial sex act.

All of which is in violation of 18 U.S.C. §§ 1591(a)(1) and (b)(1).

### COUNT 9

Beginning at a time unknown, but at least between October 28, 2000, and continuing until approximately April of 2006, the Defendant DON ARTHUR WEBSTER, JR., aka Jerry Starr, within the District of Alaska, in and affecting interstate and foreign commerce, did knowingly and intentionally recruit, entice, harbor, transport, provide, and obtain by any means a person, Jane Doe 3, knowing that force, fraud, and coercion would be used to cause the person to engage in a commercial sex act.

All of which is in violation of 18 U.S.C. §§ 1591(a)(1) and (b)(1).

### COUNT 10

Beginning at a time unknown, but at least between November 2002, and continuing until approximately December 2004, the Defendant DON ARTHUR WEBSTER, JR., aka Jerry Starr, within the District of Alaska, in and affecting interstate and foreign commerce,

did knowingly and intentionally recruit, entice, harbor, transport, provide, and obtain by any means a person, Jane Doe 4, knowing that force, fraud, and coercion would be used to cause the person to engage in a commercial sex act.

All of which is in violation of 18 U.S.C. §§ 1591(a)(1) and (b)(1).

## COUNT 11

Beginning at a time unknown, but in approximately March 2002, and continuing until approximately September 2004, the Defendant DON ARTHUR WEBSTER, JR., aka Jerry Starr, within the District of Alaska, in and affecting interstate and foreign commerce, did knowingly and intentionally recruit, entice, harbor, transport, provide, and obtain by any means a person, Jane Doe 5, knowing that force, fraud, and coercion would be used to cause the person to engage in a commercial sex act.

All of which is in violation of 18 U.S.C. §§ 1591(a)(1) and (b)(1).

## COUNT 12

Beginning at a time unknown, but sometime during fall of 2004, the Defendant DON ARTHUR WEBSTER, JR., aka Jerry Starr, within the District of Alaska, did knowingly and intentionally distribute a controlled substance, to wit, cocaine base, to Jane Doe 2, a pregnant woman.

All of which is in violation of 21 U.S.C. §§ 861(f) and 841(b)(1)(C).

## COUNT 13

Beginning at a time unknown, but at least between October 13 and 20, 2006, the Defendant DON ARTHUR WEBSTER, JR., aka Jerry Starr, within the District of Alaska,

did knowingly and intentionally distribute a controlled substance, to wit, cocaine base, to Jane Doe 2, a pregnant woman.

All of which is in violation of 21 U.S.C. §§ 861(f) and 841(b)(1)(C).

### COUNT 14

Beginning at a time unknown, but at least between approximately May and September of 2004, the Defendant DON ARTHUR WEBSTER, JR., aka Jerry Starr, within the District of Alaska, did knowingly and intentionally distribute a controlled substance, to wit, cocaine base, to Jane Doe 5, a pregnant woman.

All of which is in violation of 21 U.S.C. §§ 861(f) and 841(b)(1)(C).

### COUNT 15

Between December 2002, and November 7, 2003, the Defendant DON ARTHUR WEBSTER, JR., aka Jerry Starr, within the District of Alaska, did knowingly and intentionally distribute a controlled substance, to wit, cocaine base, to Juvenile A, knowing that she had not attained the age of 18 years old.

All of which is in violation of 21 U.S.C. §§ 861(a)(1) and 841(b)(1)(C).

### COUNT 16

Between approximately April or May of 2003, and June 6, 2003, the Defendant DON ARTHUR WEBSTER, JR., aka Jerry Starr, within the District of Alaska, did knowingly and intentionally distribute a controlled substance, to wit, cocaine base, to Juvenile B, knowing that she had not attained the age of 18 years old.

All of which is in violation of 21 U.S.C. §§ 861(a)(1) and 841(b)(1)(C).

## COUNT 17

Beginning at a time unknown, but at least between February 2002, and May of 2004, the Defendant DON ARTHUR WEBSTER, JR., aka Jerry Starr, within the District of Alaska, did knowingly and intentionally distribute a controlled substance, to wit, cocaine base, to Juvenile D, knowing that she had not attained the age of 18 years old.

All of which is in violation of 21 U.S.C. §§ 861(a)(1) and 841(b)(1)(C).

## COUNT 18

During the spring of 2002 or 2003, the Defendant DON ARTHUR WEBSTER, JR., aka Jerry Starr, at a picnic at Mirror Lake, within the District of Alaska, did knowingly and intentionally distribute a controlled substance, to wit, cocaine base, to Juvenile E, knowing that she had not attained the age of 18 years old.

All of which is in violation of 21 U.S.C. §§ 861(a)(1) and 841(b)(1)(C).

## COUNT 19

Between December 14, 2001, and sometime in December 2002, the Defendant DON ARTHUR WEBSTER, JR., aka Jerry Starr, within the District of Alaska, did knowingly and intentionally distribute a controlled substance, to wit, cocaine base, to Jane Doe 1.

All of which is in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).

## COUNT 20

Beginning at a time unknown, but at least between December 14, 2001, and October 20, 2006, the Defendant DON ARTHUR WEBSTER, JR., aka Jerry Starr, within the District

of Alaska, did knowingly and intentionally distribute a controlled substance, to wit, cocaine base, to Jane Doe 2.

All of which is in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).

### COUNT 21

Between December 14, 2001, and the spring of 2006, the Defendant DON ARTHUR WEBSTER, JR., aka Jerry Starr, within the District of Alaska, did knowingly and intentionally distribute a controlled substance, to wit, cocaine base, to Jane Doe 3.

All of which is in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).

### COUNT 22

Between November 2002 and December 2004, the Defendant DON ARTHUR WEBSTER, JR., aka Jerry Starr, within the District of Alaska, did knowingly and intentionally distribute a controlled substance, to wit, cocaine base, to Jane Doe 4.

All of which is in violation of 21 U.S.C. §§ 861(a)(1) and 841(b)(1)(C).

### COUNT 23

Between approximately March 2002 and September 2004, the Defendant DON ARTHUR WEBSTER, JR., aka Jerry Starr, within the District of Alaska, did knowingly and intentionally distribute a controlled substance, to wit, cocaine base, to Jane Doe 5.

All of which is in violation of 21 U.S.C. §§ 861(a)(1) and 841(b)(1)(C).

### COUNT 24

Beginning at a time unknown, but at least between on or about May 31, 2006, and continuing until at least on or about June 21, 2006, the Defendant DON ARTHUR

WEBSTER, JR., aka Jerry Starr, within the District of Alaska, did knowingly and intentionally manufacture a controlled substance: a mixture or substance containing cocaine base, also referred to as "crack cocaine."

All of which is in violation of 21 U.S.C.§ 841(a)(1) and (b)(1)(C).

### COUNT 25

Beginning at a time unknown, but at least between on or about May 31, 2006, and continuing until at least on or about June 21, 2006, within the District of Alaska, the defendant, DON ARTHUR WEBSTER, JR., aka Jerry Starr, did knowingly and intentionally possess, with intent to distribute, a controlled substance: a mixture or substance containing cocaine and cocaine base, also referred to as "crack cocaine."

All of which is in violation of 21, U.S.C. §§ 841(a)(1), and (b)(1)(C).

### COUNT 26

Beginning at a time unknown, but at least between on or about May 31, 2006, and continuing until at least on or about June 21, 2006, within the District of Alaska, DON ARTHUR WEBSTER, JR., aka Jerry Starr, did unlawfully and knowingly use and maintain a place for the purpose of manufacturing, distributing and using controlled substances: cocaine and cocaine base, also referred to as "crack cocaine."

All of which is in violation of 21 U.S.C. §§ 856(a)(1) and (b).

## COUNT 27

### CRIMINAL FORFEITURE – REAL PROPERTY

Upon conviction of one or more of the offenses alleged in Count(s) 1-11 of this Indictment, defendant DON ARTHUR WEBSTER, JR., A/K/A "JERRY STARR", shall forfeit the following property to the United States pursuant to 18 U.S.C. § 1594(c)(1)(A):

Any property, real or personal, used or intended to be used to commit or to facilitate the commission of such violation of 18, U.S.C. § 1591, including but not limited to REAL PROPERTY LOCATED AT 3411 OREGON DRIVE, ANCHORAGE, ALASKA 99517.

## COUNT 28

### CRIMINAL FORFEITURE – REAL PROPERTY FACILITATING/ PROCEEDS OF DRUG DISTRIBUTION

Upon conviction of one or more of the offenses alleged in Count(s) 12-26 of this Indictment, defendant DON ARTHUR WEBSTER, JR., A/K/A "JERRY STARR", shall forfeit the following property to the United States pursuant to 21 U.S.C. § 853(a)(1) and (2):

1. Any property, constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation; and

2. Any of the person's property used, intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation,

/ / /

/ / /

/ / /

including but not limited to REAL PROPERTY LOCATED AT 3411 OREGON DRIVE, ANCHORAGE, ALASKA 99517.

A TRUE BILL

/s Grand Jury Foreperson
GRAND JURY FOREPERSON


s/ Audrey Renschen
AUDREY J. RENSCHEN
Assistant U.S. Attorney
222 West 7th Avenue, Room 253, #9
Anchorage, Alaska 99513-7567
Phone:(907) 271-5071
Fax: (907) 271-1500
Email: audrey.renschen@usdoj.gov


s/ Alexandra R. Gelber
ALEXANDRA R. GELBER
Trial Attorney
US Department of Justice
Criminal Division, Child Exploitation and Obscenity Section
1400 New York Ave, NW
Suite 600
Washington, DC 20530
Phone: (202) 307-1316
email: Alexandra.Gelber@usdoj.gov

s/ Nelson P. Cohen
NELSON P. COHEN
United States Attorney
222 West 7th Avenue, Room 253, #9
Anchorage, Alaska 99513-7567
Phone:(907) 271-5071
Fax: (907) 271-1500
Email: nelson.cohen@usdoj.gov

DATED: December 14, 2006